MR. JUSTICE GROVES
concurring in the result:
I could not agree more with the statement in the majority opinion, “[t]he statute is replete with ambiguity and is difficult to understand.” The author of the majority opinion and my brother Hodges joined in my special concurrence in Pomponio v. Westminster, 178 Colo. 80, 496 P.2d 999 (1972). There, after reciting the cases in which the Municipal Annexation Act has been before this court, I said:
“With each of these cases I have become increasingly conscious of the ambiguities, contradictions and vagueness of several of the provisions of this Act. The possible unconstitutionality of the Act for these reasons has not been argued in the present case and therefore we should not attempt to rule thereon. I wish to state, however, that my concern in this particular will cause me to lend an attentive ear in the event that it is argued someday that we should prospectively declare this Act unconstitutional for those reasons.”
Since Pomponio the matter of constitutionality of the Act has not been before us and, particularly, it has not been raised here.
While I concur in the result, which recognizes the jurisdiction in the District Court of Adams County, I do not agree with the majority view that the District Court of the City and County of Denver also has jurisdiction. In other words, I think the statute is to be interpreted as granting review of annexation proceedings to the district court of the *179 county or counties in which the land was located prior to annexation, and not to the district court of the county in which the land is situate after annexation. 1965 Perm. Supp., 1963, 139-21-15(1 )(a) and (b) provide in part:
“(a) . .. Such review proceedings shall be instituted in any district court having jurisdiction of the county in which the annexed territory is located. In no event shall such a proceeding be instituted prior to the effective date of annexing ordinance by the annexing municipality.
“(b) If the annexed territory is located within two or more counties, review proceedings may be brought in any district court having jurisdiction of any one of such counties.”
As I read Section (b) it provides that, when a municipality in one county annexes land situate in two other counties, jurisdiction to review the proceedings is vested in either one of such two other counties. It is inconceivable to me that the General Assembly would so provide, and then provide in Section (a) that the county of the annexing municipality would have jurisdiction where the land lies only in one other county. My conclusion is that Section (a) did not change the law and that the county in which the land was situate prior to the annexation is the county of jurisdiction. To me, in referring to “annexed territory,” the legislature intended to refer to the property being annexed.
MR. JUSTICE LEE has authorized me to say that he joins in this opinion.